UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

COREY SUMLIN,

            Defendant.

18-Cr-682 (SHS)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    The Court has received defendant Corey Sumlin's pro se letter requesting that he be placed in home confinement in light of the COVID-19 pandemic. (ECF No. 39.)

    "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 CR 743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Here, the legal basis for Sumlin's request is unclear. The recently enacted Coronavirus Aid, Relief, and Economic Security Act (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), does not authorize the Court to place a defendant in home confinement; only the Bureau of Prisons (BOP) has such authority. *See id.* § 12003(b); *see also* 18 U.S.C. § 3624(c)(2). Rather, the Court will construe Sumlin's request as one made under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as the "compassionate release" statute.

    That statute, however, allows for a sentence reduction only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, there is no indication that Sumlin has requested that the BOP bring such a motion on his behalf. At this time, then, the Court lacks authority to consider Sumlin's request. His request to be released on home confinement is therefore denied without prejudice.

Dated: New York, New York
       April 20, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.