UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| COREY SUMLIN, | 18-Cr-682 (SHS) |
| Defendant. | MEMORANDUM ORDER |

SIDNEY H. STEIN, U.S. District Judge.

Defendant Corey Sumlin moves pro se for a sentence reduction under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot. Sentence Reduction ¶ 1, ECF No. 44 [hereinafter Def.'s Mot.].) That statute permits a district court to reduce a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). On June 3, 2019, Sumlin was sentenced to forty-six months' incarceration for possessing a firearm in violation of 18 U.S.C. § 922(g). (Def.'s Mot. ¶ 4.) He is currently serving his sentence at the Federal Correctional Institution in Allenwood, Pennsylvania (FCI Allenwood). (*Id.* ¶ 5.)

To begin, the Court notes that a compassionate-release motion may be filed only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). On April 20, 2020, the Court denied an earlier request for compassionate release because Sumlin had not exhausted his administrative remedies as required by the statute. (Order, ECF No. 40.) In the interim, on April 17, 2020, Sumlin filed a request with the warden of FCI Allenwood. (Def's Mot. ¶ 14.) Because thirty days have passed since the receipt of Sumlin's request, he has now exhausted his administrative remedies and is permitted to file a compassionate-release motion with this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

Turning to the merits of Sumlin's motion, the Court concludes that Sumlin has not demonstrated extraordinary and compelling reasons for a sentence reduction. Sumlin argues that "[t]he influx of COVID-19 on prisoners such as defendant is, by itself, an appropriate extraordinary and compelling reason for modest reduction in his sentence and early release." (Def.'s Mot. ¶ 10.) The Court cannot agree.

"[W]hile the COVID-19 pandemic is undoubtedly serious and of great concern, numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12 CR 31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020); *see also id.* at *1 (collecting cases). Arguments based only on a defendant's "status as an inmate during the COVID-19 pandemic and generalizations concerning the spread of COVID-19 in federal detention centers across the country" have been roundly rejected. *United States v. Kaba*, No. 19 CR. 242 (PAC), 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020). "If such speculative assertions and generalizations were sufficient, it would follow that every federal inmate should be released from detention due to COVID-19—a

consequence which undermines the goals of sentencing, does not promote respect for the law, and does not remotely fit with the limited scope of compassionate release." *Id.*

Here, Sumlin is thirty years old and does not appear to have any underlying health conditions. *Cf. People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020) (identifying "older adults and people of any age who have serious underlying medical conditions" as those who "might be at higher risk for severe illness from COVID-19"). Indeed, according to his presentence investigation report, "Sumlin stated he is generally in good physical health," apart from "pain in his right shoulder." (Presentence Investigation Report ¶ 60, ECF No. 29.)

What is more, the conditions at FCI Allenwood do not suggest that Sumlin is at great risk of contracting COVID-19. According to the Bureau of Prison (BOP) website, only one case of COVID-19—in a staff member who has now recovered—has been documented at FCI Allenwood. *COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated May 25, 2020). And the BOP claims that significant efforts have been taken to prevent the spread of COVID-19 in the federal prison system. *BOP Implementing Modified Operations*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 26, 2020). Sumlin offers no reason to doubt these assertions.

For all these reasons, the risk of COVID-19 infection to Sumlin at this time does not establish an extraordinary and compelling reason for a sentence reduction. Accordingly, IT IS HEREBY ORDERED that Sumlin's motion for a sentence reduction is denied without prejudice on the grounds that no extraordinary and compelling reasons exist. A copy of this Order is being mailed to defendant Corey Sumlin [69079-054] at FCI Allenwood Medium, Federal Correctional Center, P.O. Box 2000, White Deer, PA 17877.

Dated:  New York, New York
        May 26, 2020

SO ORDERED

*[signature]*

―――――――――――――――――――
SIDNEY H. STEIN
U.S.D.J.